UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Criminal Case No. 18-20391
                                                     Hon. Matthew F. Leitman

vs.

BRANDON DOW CHILDERS,

        Defendant.

_____

**PRELIMINARY ORDER OF FORFEITURE**
_____

        Pursuant to a written Rule 11 Plea Agreement ("Rule 11"), Defendant Brandon Dow Childers ("Defendant") pleaded guilty to violating 18 U.S.C. § 924(c), Possession of Firearms in Furtherance of a Drug Trafficking Crime and violating 21 U.S.C. § 841(a), Distribution of Fentanyl. Defendant agreed in the Rule 11 to forfeit property to the United States.

        Based upon Defendant's conviction of the above offenses as set forth in Counts One and Three of the Indictment, Defendant's Rule 11, the Government's Application for Entry of Preliminary Order of Forfeiture, and all the information contained in the record, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853(a), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

    1.    The following property (hereinafter "Subject Property") **IS HEREBY FORFEITED** to the United States for disposition in accordance with the law, and any right, title or interest of Defendant, and any right, title or interest that

his heirs, successors or assigns have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**:

    a. Defense Procurement Mfg. Services A15 Rifle, .223 caliber, serial number: FFH102911, (18-ATF-019749);
    b. Glock 19 Pistol, 9 mm, serial number: PSV250, (18-ATF-019751);
    c. Smith & Wesson SD9VE Pistol, 9 mm, serial number: HET9587, (18-ATF-019753);
    d. Smith & Wesson 38 Revolver, .38 caliber, serial number: CHS3021, (18-ATF-019754);
    e. Llama (Gabilondo & CIA) C0manche III Revolver, .357 caliber, serial number: S877885, (18-ATF-019755);
    f. Taurus International PT738 TCP Pistol, .380 caliber, serial number: 1D122439, (18-ATF-019756);
    g. Smith & Wesson M&P 40 Pistol, .40 caliber, serial number: HSL1178, (18-ATF-019757);
    h. Century Arms International Rifle, 7.62 mm, serial number: RAS47074471, (18-ATF-019758);
    i. Titan Mfg. Corp. Titan Pistol, .25 caliber, serial number: unknown, (18-ATF-019760);
    j. Ammunition; and
    k. One ballistic vest.

2. The Subject Property is forfeited pursuant to 18 U.S.C. 924(d)(1) and 21 U.S.C. § 853 as it constitutes or was derived from proceeds traceable to Defendant's violation of 18 U.S.C. § 924(c) and 21 U.S.C. § 841(a) as set forth in Counts One and Three of the Indictment, and/or constitutes property used, or intended to be used to commit, or to facilitate, the commission of such violation(s). As such, the requisite nexus exists between the Subject Property and Defendant's offense(s) of conviction.

3. Upon entry of this Order, the government is authorized, pursuant to Fed.R.Crim.P. 32.2(b)(2) and (3), to seize the Subject Property that has not yet been seized, to conduct any discovery that the Court considers proper to help

identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

4. The United States shall publish notice on [www.forfeiture.gov](www.forfeiture.gov) of this preliminary forfeiture order and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

5. Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final and effective as to Defendant at the time Defendant is sentenced, but it remains preliminary as to third parties until the ancillary

proceedings, if any, are concluded under Rule 32.2(c). This Order of Forfeiture shall be made part of Defendant's sentence and included in his Judgment. If no third party files a timely claim, this Order of Forfeiture shall become the Final Order of Forfeiture as to third parties as provided by Fed.R.Crim.P. 32.2(c)(2).

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 19, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764